UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LANETTE STARKS o/b/o C.Y., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14 CV 1809 RWS |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on appeal from an adverse ruling of the Social Security Administration. The Court referred this matter to United States Magistrate Judge Abbie Crites-Leoni for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On January 22, 2016, the Magistrate Judge filed her recommendation that the Commissioner's decision to deny benefits be affirmed.

Plaintiff objects to the Report and Recommendation. In the objections, plaintiff merely restates the arguments raised before the Magistrate Judge – namely, that the ALJ erred in not providing weight to counselor Shokooh Rafati's opinion. I have conducted a *de novo* review of all matters relevant to the objections, and after careful consideration I will adopt and sustain the thorough

reasoning of the Magistrate Judge.

Plaintiff objects that the ALJ gave no weight to Ms. Rafati's opinion concerning the domains of Acquiring and Using Information and Attending and Completing Tasks. The objections will be overruled because Ms. Rafati is considered an "other medical source" by the Social Security Regulations, 20 C.F.R. § 404.1527, and, as such, does not meet the qualifications of an acceptable medical source under 40 C.F.R. § 416.913(a). Ms. Rafati's opinions are not entitled to controlling weight or the same level of deference as that of an acceptable medical source. In determining what weight to give "other medical evidence," the ALJ has more discretion and is permitted to consider any inconsistencies found within the record. *Raney v. Barnhart*, 396 F.3d 1007, 1010 (8th Cir. 2005). As Judge Crites-Leoni properly concluded, the ALJ provided sufficient reasons for affording no weight to Ms. Rafati's opinion, as it was not supported by the treatment notes or objective testing and was inconsistent with claimant's school records and the medical opinions of Dr. Wotherspoon and Dr. Allen. Moreover, when claimant was compliant with his medication there was a "drastic improvement." *See Perkins v. Astrue*, 648 F.3d 892, 901 (8th Cir. 2011) (impairment not disabling if it can be controlled by medication).

For these reasons, I agree with Judge Crites-Leoni's recommendation that the ALJ's RFC determination was supported by substantial evidence and the

decision to deny benefits should be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's objections [24] are overruled, and the Report and Recommendation issued by Magistrate Judge Abbie Crites-Leoni on January 22, 2016 [23] is adopted and sustained in its entirety.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                                  RODNEY W. SIPPEL
                                                 UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2016.